IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN BARNES,

                Petitioner,                              ORDER

      v.                                             08-cv-0083-bbc

ROBERT D. SPODEN,
Rock County Sheriff,

                Respondent.

---

     Kevin Barnes, an inmate at the Rock County Jail awaiting trial in the Circuit Court for Rock County for charges of sexual assault, filed a petition for a federal writ of habeas corpus on February 7, 2008. On February 20, 2008, he filed an additional document entitled "Additional Relevant Information for the Record" that I will consider as an amendment to the petition.

     In the petition and its amendment, petitioner alleges that he has never had a preliminary hearing and that his lawyer in the state court proceeding is providing ineffective assistance of counsel. More specifically, petitioner alleges that his lawyer advised petitioner to waive his right to a preliminary hearing without adequately explaining the consequences of that decision to petitioner and has failed to preserve petitioner's right to a speedy trial.

1

(Petitioner also contends that he was denied a "probable cause" hearing. However, review of the docket sheet available electronically shows that petitioner had an initial appearance on the complaint on March 19, 2007. Wisconsin Circuit Court Access, available at http://wcca.wicourts.gov, search Rock County case number 07CF888 (visited February 26, 2008). I infer that by "probable cause hearing," petitioner is referring to the preliminary hearing, not the initial appearance.)

Because petitioner has not yet been tried and therefore is not in custody pursuant to the judgment of a state court, his petition is governed by 28 U.S.C. § 2241, the general habeas corpus statute, not § 2254, which is limited to persons in custody pursuant to the judgment of a state court. Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000). Under § 2241, a court may grant federal habeas relief to a prisoner if he "is in custody in violation of the Constitution or laws or treaties of the United States." The alleged denial of petitioner's right to a preliminary hearing does not amount to a constitutional violation: Wisconsin's preliminary hearing procedure is a statutory right, not a constitutional one. State v. Moats, 156 Wis. 2d 74, 83, 457 N.W. 2d 299 (1990). However, petitioner's allegation that his trial has been postponed numerous times resulting in a delay of nearly a year is sufficient to state a deprivation of his constitutional right to a speedy trial.

Even when jurisdiction exists, federal courts are "reluctant" to grant pre-trial habeas relief. Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979). A state prisoner must first

exhaust his state court remedies by presenting his claims to the state courts. Id.; United States ex rel. Parish v. Elrod, 589 F.2d 327, 329 (7th Cir. 1979). Nothing in the petition indicates that petitioner has presented his speedy trial claim to the state circuit court, either by filing a demand for a speedy trial or a motion to dismiss on the basis of pretrial delay. Further, even if petitioner has filed such motions and has been rejected by the trial court, he has not exhausted his state court remedies until he has sought relief from the state court of appeals and, if necessary, state supreme court. Because nothing in the petition suggests that petitioner has exhausted the remedies that are available to him in state court, the petition will be dismissed.

ORDER

IT IS ORDERED that the petition of Kevin Barnes for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies.

Entered this 26th day of February, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge